IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN A. DAVIS,

        Plaintiff,

v.                                         CASE NO. 19-3133-SAC

SALINE COUNTY JAIL, et al.,

        Defendants.


STEPHEN A. DAVIS,

        Plaintiff,

v.                                         CASE NO. 19-3187-SAC

SALINE COUNTY JAIL, et al.,

        Defendants.


**MEMORANDUM AND ORDER TO SHOW CAUSE**

    Plaintiff Stephen A. Davis brings these *pro se* civil rights actions pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Davis is a pretrial detainee being held at the Saline County Jail in Salina, Kansas, on charges of possession with intent to distribute marijuana and possession of paraphernalia. Because these two actions stem primarily from the same issues, the Court hereby consolidates them. *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions.") For the

1

reasons discussed below, Plaintiff is ordered to show cause why his consolidated complaint should not be dismissed.

**I.      Nature of the Matter before the Court**

Plaintiff's first complaint (Case No. 19-3133) contends he has been denied a vegan diet at the Saline County Jail for some period of time starting with his arrest on June 18, 2019. He states that prior to his arrest, he had not eaten meat since 2008. Mr. Davis alleges he was forced to starve himself for about three weeks, and he lost about ten pounds. Plaintiff claims he was given food that he was told did not have meat but in fact did, and he suffered severe bowel pain and a skin rash as a result. Plaintiff further states he is a Muslim. It is unclear from the complaint whether Mr. Davis claims his avoidance of meat, other than pork, is tied to his religious beliefs.

In the first complaint, Plaintiff also raises concerns with his pending criminal charges, claiming he is being falsely imprisoned and wrongfully charged in the absence of evidence. He states that he and the driver of the vehicle both told the arresting officer, Deputy Norris, that the drugs, gun, and drug paraphernalia found in the vehicle belonged to the driver and not to Plaintiff.

Plaintiff names as defendants the Saline County Jail, Lieutenant Finch, and Deputy Norris. He requests relief in the form of compensatory damages.

Mr. Davis's second complaint (Case No. 19-3187), filed two months later, again names the Saline County Jail and Lieutenant Finch as defendants, along with four other officers at the jail. Plaintiff alleges defendants have lied about the food, tried to force him to eat meat, and conspired to contaminate his food. He further contends corn chips he purchased from the canteen were taken or thrown away during a random shakedown of his cell, and he has not been compensated. Mr. Davis also claims he was assaulted by Defendant Shindoll, who hit Plaintiff's nose with a camera and "talked trash" to him.

2

Plaintiff asks the Court for immediate release, compensation for the violation of his rights, and the firing and prosecution of Defendant Shindoll.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Vegan/vegetarian diet

Plaintiff does not specify which constitutional rights he believes have been violated in connection with the denial or delay in providing him vegan meals. If he is attempting to bring a conditions of confinement claim under the Eighth Amendment, he must show those conditions were severe enough to rise to the level of cruel and unusual punishment.[1] The Supreme Court has recognized that prisons must provide basic life necessities, such as "adequate food, clothing, shelter, and medical care," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but only "extreme" deprivations of those basic life necessities constitute Eighth Amendment violations. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). Neither the Tenth Circuit nor the Supreme Court have ever held that the Eighth Amendment requires prison officials to indulge inmates' dietary preferences—regardless of whether those preferences are dictated by religious, as opposed to non-religious, reasons. *See LaFevers v. Saffle*, 936 F.2d 1117, 1120 (10th Cir. 1991) (holding that "the mere denial of a [Seventh Day Adventist's] requested vegetarian diet is insufficient to establish a cognizable Eighth Amendment claim" because he was not entitled "to obtain the diet of his choice" (quotation marks omitted)); *McEachin v. McGuinnis*, 357 F.3d 197, 199–201 (2d Cir. 2004) (affirming the dismissal of an inmate's Eighth Amendment claim that his prison had served him a non-religious diet for one week, where the district court found, among other things, that the plaintiff had not alleged that the non-religious food was nutritionally inadequate). Plaintiff fails to state a claim under the Eighth Amendment.

---

[1] Pretrial detainees, such as Plaintiff, are protected under the Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). In determining whether Plaintiff's rights were violated, however, the analysis is identical to that applied in Eighth Amendment cases brought pursuant to § 1983. *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

It may be that Plaintiff is attempting to bring a First Amendment Free Exercise claim. To state a claim under the Free Exercise Clause, a plaintiff must plead facts showing a "substantial burden" on a sincerely held religious belief. *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). A "substantial burden" involves something more than an incidental effect or inconvenience on religious exercise. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312-15 (10th Cir. 2010).

The threshold consideration with a free exercise claim under the First Amendment is whether Plaintiff's belief is "sincerely held" and "religious in nature." *Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004) (citing *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000)). Plaintiff has not asserted that his Muslim beliefs are sincerely held and religious in nature, nor does he include in the complaint any facts from which such belief can be inferred.

Plaintiff also fails to include sufficient allegations to show that the denial of a vegan diet created a substantial burden on his religious beliefs. Plaintiff does not explain why the avoidance of all meat and animal by-products is required by his Muslim faith such that a non-vegan diet is more than an inconvenience on his religious practice. As a result, Mr. Davis has failed to state a First Amendment claim.

**B. Issues related to pending prosecution**

Mr. Davis asks this Court to order his release from jail and to award him damages for allegedly unconstitutional actions taken by law enforcement in connection with a pending state criminal prosecution. The Court is prohibited from doing so under *Younger v. Harris,* 401 U.S. 37, 45 (1971).[2] The *Younger* abstention doctrine is based on "notions of comity and federalism,

---

[2] Even though the original *Younger* holding was applied to a claim for injunctive relief, the Tenth Circuit has expanded the doctrine to include monetary relief. *Unified Sch. Dist. No. 497,* 392 F.3d at 1228 ("[T]he Younger doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding.") (citations omitted); *see also Parkhurst v. State of Wyoming,* 641 F.2d 775, 777 (10th Cir.1981) (claim for money damages "would necessarily call into question the validity of the state conviction" and "frustrate the spirit" of *Younger*).

which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997). Absent narrow exceptions for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" involving irreparable injury, *Younger,* 401 U.S. at 46–55, abstention is both appropriate and mandated when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court affords an adequate forum to hear the claims raised in the plaintiff's federal complaint, and (3) the state proceedings implicate important state interests. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). If applicable, the *Younger* abstention doctrine obligates the Court to dismiss an action in favor of an ongoing state proceeding. *Weitzel*, 240 F.3d at 875.

Applying the *Younger* analysis to this case, the Court finds that the first condition is clearly met because there are ongoing state criminal proceedings. The second condition is met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff,* 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (*citing Younger,* 401 U.S. at 44). The third condition is met because the Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and, if he is convicted, direct appeal, as well as post-conviction remedies. *See Capps v. Sullivan,* 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in state court or by other (available) state procedures.") (quotation omitted). Finally,

Plaintiff's bare assertion that he was charge with "no evidence" is insufficient to trigger any of the *Younger* exceptions.

Accordingly, the Court finds Plaintiff's claims related to his pending state prosecution should be dismissed.

### C. Request for release

One of the types of relief Plaintiff requests is that he be released from confinement. However, such relief cannot be granted in a § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

### D. Improper defendants

Plaintiff names the Saline County Jail as a defendant to both complaints. Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005). Consequently, the Saline County Jail is subject to dismissal from this consolidated action.

In addition, Defendant Norris is subject to dismissal. He is only mentioned in the complaint in conjunction with Plaintiff's claims related to his criminal prosecution. As explained above,

those claims cannot be addressed by this Court and must be dismissed. Therefore, Defendant Norris is subject to dismissal as well.

### E. Alleged assault

Plaintiff's allegation that Defendant Shindoll hit him in the nose with a camera and "talked trash" to him fails, without more, to state a claim of violation of the United States Constitution. Because Plaintiff is a pretrial detainee, his claim of excessive force is analyzed under an objective standard. *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015). Plaintiff is required to "show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* Mr. Davis has simply not provided enough factual allegations to state a credible claim of excessive force.

As for Plaintiff's complaints about Defendant Shindoll "talking trash," "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alavarez v. Gonzales*, 155 F .App'x 393, 396 (10th Cir. 2005)(citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)). *See also Strope v. Gibbens,* 2003 WL 1906458, *5–*6 (D. Kan. Apr. 17, 2003) (unpublished) (It is settled that a threatening or abusive language or other verbal harassment by prison officials does not support a claim under Section 1983). Here, Plaintiff does not describe the comments made by Defendant Shindoll. The comments may have been inappropriate or offensive, but nothing in the complaint suggests that they created a "terror of instant and unexpected death" as required to state a claim for violation of constitutional rights.

### F. Deprivation of property

Plaintiff claims corn chips he purchased from the canteen were taken or thrown away by someone during a random shakedown of his cell, and he has not been compensated. Neither the

negligent nor the unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981)(inmate could not present claim against warden under § 1983 for negligent loss of inmate's property where existence of state tort claims process provided due process). The U.S. Supreme Court in *Parratt* reasoned that where a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur. *Parratt,* 451 U.S. at 541. Under these circumstances, the court observed:

> "It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under 'color of law,' is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.* . . . [W]here an individual has been negligently deprived of property by a state employee, the state's action is not complete unless or until the state fails to provide an adequate postdeprivation remedy for the property loss.

*Id.* 451 U.S. at 541-542; *see also Hudson*, 468 U.S. at 534. When the alleged property loss is not "random and unauthorized" but pursuant to "an affirmatively established or de facto policy, procedure, or custom, the state has the power to control the deprivation" and must generally give the plaintiff a pre-deprivation hearing. *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994).

Kansas law provides procedures that inmates must follow when making claims for property loss or damage. K.A.R. 44-16-104; *see also* K.A.R. 44-15-101a(d)(1)(B)(2). These procedures have been held to constitute an adequate post-deprivation remedy. *See Milburn v. Nelson*, 221 F.3d 1352, 2000 WL 1005253, *1 (10th Cir. 2000) (unpublished).

Because the deprivation of property here appears to be random and unauthorized and because Plaintiff has an adequate post-deprivation remedy under state law, he fails to state a claim for violation of his constitutional rights in connection with the loss of the corn chips.

## IV. Response Required

For the reasons stated herein, Plaintiff's consolidated complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that these actions are consolidated. All future filings shall be captioned and docketed in Case No. 19-3133-SAC. The order to pay a filing fee is set aside in Case No. 19-3187-SAC. Plaintiff remains obligated to pay the full filing fee in Case No. 19-3133-SAC.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **January 10, 2020**, in which to show good cause, in writing, why his consolidated complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED: This 10th day of December, 2019, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**