# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


**STEPHEN A. DAVIS,**

        **Plaintiff,**

    **v.**                               **CASE NO. 19-3133-SAC**

**SALINE COUNTY JAIL, et al.,**

        **Defendants.**


## MEMORANDUM AND ORDER

Plaintiff Stephen A. Davis, a pretrial detainee being held at the Saline County Jail in Salina, Kansas, brings this *pro se* civil rights action under 42 U.S.C § 1983. He proceeds *in forma pauperis*. Mr. Davis filed two cases, which the Court consolidated as they stemmed from the same issues. His primary claim was that he was denied a vegan diet at the Saline County Jail. He also alleged he was being falsely imprisoned and wrongfully charged in the absence of evidence, he was deprived of property without compensation after a shakedown of his cell, and he was assaulted by a deputy.

On December 10, 2019, the Court entered a Memorandum and Order to Show Cause (MOSC) (ECF No. 4) ordering Plaintiff to show cause by January 10, 2020, why his complaint should not be dismissed due to the deficiencies set forth in the MOSC. Plaintiff has not responded to the MOSC.

The MOSC found that Plaintiff's allegations related to the diet he was served failed to state a claim under § 1983. Plaintiff did not specify what constitutional right he believed had

been violated, but the Court found no Eighth Amendment violation because Plaintiff had not alleged an extreme denial of basic life necessities (*see Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992)) and no First Amendment violation because Plaintiff failed to include sufficient allegations to show that the denial of a vegan diet created a substantial burden on his religious beliefs (*see Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007)).

The MOSC further found that Plaintiff's complaints about false imprisonment and lack of evidence were related to a pending state prosecution, and the Court was prohibited from interfering under *Younger v. Harris,* 401 U.S. 37, 45 (1971).

As for the remainder of the claims, the Court found that Plaintiff had not included sufficient facts to support the assault allegation and that he had not stated a constitutional claim in connection with the loss of property because the deprivation appeared to be random and unauthorized and because Plaintiff had an adequate post-deprivation remedy under state law.

**IT IS THEREFORE ORDERED** that the case, as consolidated with Case No. 19-3187-SAC, is dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. §1983.

**IT IS SO ORDERED.**

**DATED:  This 29th day of January, 2020, at Topeka, Kansas.**


**s/  Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**